KRALY ET AL., APPELLANTS, *v.* VANNEWKIRK; STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

[Cite as *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627.]

(No. 92–2307—Submitted November 16, 1993—Decided July 27, 1994.)

*Robert J. Sindyla* and *David R. Hurd,* for appellants.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A., Henry A. Hentemann* and *Joseph H. Wantz,* for appellee.

*Scanlon & Henretta Co., L.P.A., J. Thomas Henretta* and *James P. Hanratty,* urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

A. William Sweeney, J.

I

The threshold question presented by this action concerns the extent to which the amendment of pleadings adding parties may relate back to the date of the original filing. Civ.R. 15(C) governs this issue. It provides in relevant part:

"Relation Back of Amendments. *Whenever the claim* or defense *asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth* or attempted to be set forth *in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and,* within the period provided by law for commencing the action against him, *the party to be brought in by amendment* (1) *has received such notice of the institution of the action* that he will not be prejudiced in maintaining his defense on the merits, *and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*" (Emphasis added.)

Appellee challenges the application of Civ.R. 15(C) to the present controversy. Appellee maintains that the rule does not apply where the initial cause of action differs from the action instituted against the additional party. Appellee argues that the initial action was one in tort while the controversy between it and appellants sounds in contract.[1] This argument is without merit. The rule provides that amendment of the pleading is proper if it "arose out of the conduct, transaction or occurrence set forth * * * in the original pleading." Clearly, the collision of June 4, 1988, gives rise to *both* the tort and contract actions.

Appellee also questions the application of Civ.R. 15(C) to the present case on another basis. Civ.R. 15(C) provides that an "amendment *changing* the party against whom a claim is asserted relates back" (emphasis added) to the date of the original pleading if the requirements of the rule are otherwise satisfied. It is the contention of appellee that the effect of the amended complaint herein was not to *substitute* a proper party for one previously named in the original

---

1. The contention that the actions against the tortfeasor and between appellants and appellee are separate and distinct controversies is puzzling inasmuch as it emanates from a party which, at a different stage in its argument, urges this court to sanction the validity of a contractual limitations period which is commenced by an event giving rise to the tort action against Vannewkirk but which does not, standing alone, trigger its obligation to provide uninsured motorist coverage.

complaint but to *add* appellee while retaining a proper party (*i.e.*, the tortfeasor, Vannewkirk) to the action. We agree. The plain language of the rule relates to the substitution of a proper party for one previously misidentified in the original complaint. See *Cecil v. Cottrill* (1993), 67 Ohio St.3d 367, 370, 618 N.E.2d 133, 135. The concluding clause of Civ.R. 15(C) provides further support for this view inasmuch as it refers to a mistake regarding the identity of the proper party in the original pleading.

Accordingly, it is our determination that Ohio Civ.R. 15(C) may be employed to substitute a party named in the amended pleading for a party misidentified in the original pleading to permit the amended pleading to relate back to the date of the original pleading provided the requirements of the rule are otherwise satisfied. However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.

## II

Appellee further contends that, if Civ.R. 15(C) does not allow relation back of the commencement of the action to December 26, 1989, its contractual provision renders the case time-barred because the amended pleading was not filed until August 3, 1990—more than two years after the June 4, 1988 accident date. In support of the validity of the provision, appellee cites the language of this court in *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 295–296, 23 O.O.3d 281, 282–283, 432 N.E.2d 167, 169:

"This court has previously stated that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort. *Motorists Mutl. Ins. Co. v. Tomanski* (1971), 27 Ohio St.2d 222–223 [56 O.O.2d 133, 134, 271 N.E.2d 924, 925]. By virtue of R.C. 2305.06, within the general statute of limitations, the time in which to bring an action on written instruments, except certain negotiable instruments, is fifteen years. Actions in tort seeking recovery of damages for personal injuries are governed by the two-year statute of limitations contained in R.C. 2305.10.

"Generally, in the absence of a controlling statute to the contrary, *a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one. United Commercial Travelers v. Wolfe* (1947), 331 U.S. 586, 608 [67 S.Ct. 1355, 1365–1366, 91 L.Ed. 1687, 1700].

"* * *

"R.C. 3937.18, the statute providing for the mandatory offering of uninsured motorist coverage, has no statute of limitations, nor does it make reference to any prescribed statute of limitations. *Therefore, again it may be reasonably concluded that the time within which to bring an action on the policy may be provided within the instrument, if the time provision is clear, unambiguous, and a reasonable period.* Here, the contract of insurance is unambiguous in its terms relating to the period within which an action must be brought against the company on the uninsured motorist provisions of the policy, and that is clearly one year." (Emphasis added.)

*Colvin* is of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law. See *Duriak v. Globe Am. Cas. Co.* (1986), 28 Ohio St.3d 70, 73, 28 OBR 168, 171–172, 502 N.E.2d 620, 623–624 (Clifford F. Brown, J., dissenting).

However, even if *Colvin* and *Duriak* may be considered good law, those decisions are clearly distinguishable from the case *sub judice.* In both *Colvin* and *Duriak,* the tortfeasor was uninsured on the date that the injury was sustained by the injured insureds. Thus, the cause of action for uninsured motorist coverage accrued on the same date that the injury occurred and the insureds received full benefit of the limitations period contained in the contract to assert their uninsured motorist claims.[2] In contrast, the present case involves a limitations period which commences before the contractual obligation of appellee to provide uninsured motorist coverage arises.

In seeking to demonstrate the validity of this limitations period, appellee attempts to ignore separate and, at times, contradictory provisions of its insurance contract. The uninsured motorist coverage section of the policy states at one point that there is no coverage until the issues relating to the liability of the tortfeasor are resolved. It states elsewhere that there is "no right of action against [it] * * * until all the terms of [the] policy have been met." Obviously encompassed within this language are the events that are a condition precedent to coverage. The condition precedent to uninsured motorist coverage of the insured is a determination that, for the reasons identified in the policy, the tortfeasor is uninsured. One such circumstance is the insolvency of the insurer of

---

2. However, we observe that in both cases the uninsured motorist carrier failed to expeditiously process the claim upon notification by the insured that the tortfeasor may be uninsured. We therefore note, without deciding, that such willful procrastination on the part of the insurer may invalidate reliance on the limitations period and may give rise to an action for bad faith. It must also be stated that the failure to promptly act on such claims may needlessly increase litigation by requiring insureds to institute civil actions or arbitration in order to protect their contractual rights under their policies.

the tortfeasor. This insolvency was therefore the triggering event for uninsured motorist coverage. Without such an event, uninsured motorist coverage would not be operative. Accordingly, any demand by appellants upon appellee to provide uninsured motorist coverage prior to the insolvency determination would have been properly rejected by appellee under the terms of the policy. Nevertheless, appellee makes the argument that the limitations period for purposes of its uninsured motorist coverage commenced on the date of the accident even though its exposure to liability could not arise until *after* the insolvency determination. Stated differently, the limitations period for this action was, in fact, three and one-half months (*i.e.*, the time which elapsed between the February 12, 1990 notice that Cadillac was insolvent and the conclusion of the two-year contractual limitation period on June 4, 1990). This can hardly be considered a reasonable period even under the holdings in *Colvin* and *Duriak.*

Appellee cites the aforementioned cases for the proposition that contractual limitation periods have been approved by this court. However, appellee would have to concede that such provisions are not entitled to any greater deference than that afforded statutory limitations periods. In *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 514 N.E.2d 709, this court was confronted with the effect of a four-year statute of limitations for medical malpractice actions commencing on the date of injury. The court had previously announced a "discovery rule" for such actions which tolled the statute until the malpractice was discovered. In *Gaines,* the plaintiffs discovered the malpractice within the four-year statutory period but only six and one-half months before its expiration. This court determined that period to be unreasonable and allowed the plaintiffs to utilize the alternative one-year limitations period commencing on the date that the malpractice was discovered.

If such a rule obtains where this court is confronted with a statutory provision, no less protection should be afforded against an equally onerous *contractual* provision. Inasmuch as this court has rejected legislative attempts to foreclose a right of action before it accrues on the basis of Section 16, Article I of the Ohio Constitution, we are required to be equally resolute with respect to contractual provisions which presume to extinguish the rights of insureds before they arise and, as a result, violate the public policy of this state.

While appellee correctly observes that the two-year period beginning on the date of the accident did not completely expire prior to the occurrence of the event giving rise to coverage (*i.e.*, the insolvency of the liability insurer), the time remaining (three and one-half months) was unreasonably brief. Incredibly, appellee contends that, had insolvency occurred after the contractual limitations period would have run, the limitations period would nevertheless be valid and OIGA, as successor to Cadillac, would be obligated to pay damages for the bodily

injuries of appellants in its capacity as the liability insurer. In essence, appellee is arguing for the validity of an illusory contract. On the one hand, appellee argues it is not obligated to pay if there is no declaration of the insolvency of the liability insurer. On the other hand, appellee contends that if such insolvency occurs after the expiration of the two-year limitations period commencing on the date of the accident, it is likewise not obligated to pay. In short, the argument of appellee is that it is contractually bound to provide uninsured motorist coverage due to insolvency only if insolvency occurs within the two-year limitations period *and* suit is instituted thereon during that period. This attempt to restrict its liability to such an arbitrary set of circumstances is in direct contravention of R.C. 3937.18, which provides in relevant part:

"(A) *No automobile liability* or motor vehicle liability *policy of insurance* insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle *shall be* delivered or *issued for delivery in this state* with respect to any motor vehicle registered or principally garaged in this state *unless both of the following are provided:*

"(1) *Uninsured motorist coverage, which* shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and *shall provide protection for bodily injury* or death under provisions approved by the superintendent of insurance, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness* or disease, including death, *resulting therefrom[.]*

"* * *

"(D) *For the purpose of this section, a motor vehicle is uninsured if the liability insurer denies coverage or is or becomes the subject of insolvency proceedings in any jurisdiction.*" (Emphasis added.)

It is therefore our further determination that the validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues. Where the liability insurer of a tortfeasor has been declared insolvent, a right of action of an insured injured by the tortfeasor against his insurer under the uninsured motorist provision of his automobile insurance contract accrues on the date that the insured receives notice of the insolvency. Accordingly, a provision in a contract of insurance which purports to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of the right of action for such coverage is *per se* unreasonable and violative of the public policy of the state of Ohio as embodied in R.C. 3937.18.

The judgment of the court of appeals is therefore reversed and the cause is remanded for proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., and WRIGHT, J., concur in part and dissent in part.

DOUGLAS, J., concurring. I concur in the syllabus and judgment of Justice A. William Sweeney's well-reasoned opinion. I write separately only for the purpose of calling attention of the bench and bar, and to others who may be researching the issues decided in *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167, and *Duriak v. Globe Am. Cas. Co.* (1986), 28 Ohio St.3d 70, 28 OBR 168, 502 N.E.2d 620, to the existence of *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317.

WRIGHT, J., concurring in part and dissenting in part. I disagree with the majority's treatment of the contractual limitation in the Kralys' insurance contract but agree with the treatment of the question whether adding State Farm as an additional defendant relates back to the day the complaint was originally filed. I therefore concur in part and dissent in part.

I

The majority holds that the Kralys' amended complaint adding State Farm as a new party defendant does not relate back to the date the original complaint was filed. I agree with the majority's holding on this issue and with syllabus one of the opinion.

The primary purpose of Civ.R. 15(C) is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person. *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 101, 529 N.E.2d 449, 462. This rule permits the relation back of amendments for that purpose in two separate circumstances: where the amendment changes the parties and where it does not. See *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208.

As stated by the court of appeals, an amended pleading seeking to change the parties will relate back to the original pleading only if the following requirements are met: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; and (2) within the period provided by law for commencing the action against the party to be brought in by amendment, that party (a) has

received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. Civ.R. 15(C).

Here the Kralys' amended complaint quite obviously sought to add a new defendant and was therefore an attempt to change the parties. See *Littleton, supra.* However, there was no mistake as to the identity of the proper party as required in Civ.R. 15(C). Therefore, the majority properly holds that the amendment adding State Farm does not relate back to the original filing. All manner of unintended consequences could flow from a contrary holding.

## II

Like the court of appeals, I find this court's holdings in *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 296–297, 23 O.O.3d 281, 283, 432 N.E.2d 167, 169–170, and *Duriak v. Globe Am. Cas. Co.* (1986), 28 Ohio St.3d 70, 71, 28 OBR 168, 169, 502 N.E.2d 620, 622, controlling on the contractual issue in this case. Here, we should uphold the right of a carrier to contractually limit the period during which an injured insured may bring suit against it. See *Order of United Commercial Travelers of Am. v. Wolfe* (1947), 331 U.S. 586, 608, 67 S.Ct. 1355, 1356, 91 L.Ed. 1687, 1700.

In *Colvin,* the insured's policy specified a twelve-month period, after which action by way of arbitration against the company was barred. The policy in *Colvin* provided:

" 'No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto, the insured or his legal representative has fully complied with all of the terms of the policy and unless same is commenced within twelve months next after the date of the accident.' " *Colvin,* 69 Ohio St.2d at 293, 23 O.O.3d at 281, 432 N.E.2d at 169.

The insured in *Colvin* brought suit against the defendant within the statutory limitations period but learned that the defendant was uninsured two months before the expiration of his own insurance policy's limitations period. Although he notified his insurance company of the uninsured motorist claim, he failed to bring an action within the contractual time period. We upheld the policy's limitations period and denied coverage, holding that the twelve-month limitations period was both unambiguous and reasonable.

The facts in the present case are, as a practical matter, indistinguishable from those in *Colvin.* Here, the limitations period was two years, but the insureds learned of the necessity of an uninsured motorist claim nearly four months prior

to the expiration of that period. Likewise, the policy language limiting the time for bringing an action against the company was similar to that used in *Colvin* and was in fact more precise.

For these reasons I respectfully dissent in part.

MOYER, C.J., concurs in the foregoing opinion.