**ELDRIDGE, n.k.a. Lowe,**

v.

**GRANGE MUTUAL CASUALTY COMPANY**

Court of Common Pleas of Ohio,
Medina County.

No. 96 CIV 0498.

Decided April 17, 1997.

*Dolatowski & Campbell, John J. Dolatowski* and *Robert Campbell,* for plaintiff.
*Reynolds & Richard* and *Don L. Reynolds,* for defendant.

JAMES L. KIMBLER, Judge.

This matter came before this court on a motion for prejudgment interest. The facts of the case are as follows. Penny Lowe (f.k.a. Eldridge) was injured in a motor vehicle collision with a tortfeasor on March 3, 1994. The tortfeasor's insurance company settled for the maximum limits of liability, $12,500, on July 24, 1995. The plaintiff's insurance company, the defendant in this action, denied the plaintiffs' claim under the underinsured coverage provision of the policy, believing that the plaintiff had already been fully compensated.

On August 11, 1995, the plaintiff made a demand for arbitration pursuant to the terms of the insurance policy. On July 2, 1996, the matter went to an arbitration panel which ruled for the plaintiff in the amount of $45,000. The defendant paid the plaintiff $32,500, the difference between the judgment and the money received from the tortfeasor. At this time, the plaintiff signed a release agreement that discharged the defendant from any further liability. It is undisputed that this agreement was executed "without prejudice."

## I. The Release

■ R.C. 1301.13 makes abundantly clear that people reserve legal rights when they use the language "without prejudice":

"A party who with explicit reservation of rights, performs or promises to performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient."

Therefore, since the release was signed with the qualified language "without prejudice," the release alone does not preclude this action.

## II. The Time of Accrual

■ Unlike R.C.1343.03(C), R.C. 1343.03(A) does not define the time from which the interest shall be accrued. The plaintiff argues that the proper time to

begin accruing the prejudgment interest in this case would be March 3, 1994, the time of the car accident. To support this, the plaintiff cites *Royal Elec. Constr. Corp. v. Ohio State Univ.*, in which the Ohio Supreme Court stated, "An award of prejudgment interest encourages prompt settlement and discourages defendants from opposing and prolonging, between the injury and judgment, legitimate claims." *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 115, 652 N.E.2d 687, 691. The opinion goes on to state that the award of prejudgment interest should be made for the period of time between "accrual of the claim and judgment, regardless of whether the judgment is based on a claim which is liquidated or unliquidated and even if the sum was not capable of ascertainment until determined by the court." *Id.* at 117, 652 N.E.2d at 692. Although that case involved a contract with an agency of the state, the same policy considerations would apply to other contractual actions.

However, the plaintiff has failed to identify the correct injury. The plaintiff admits that the claim he is bringing is one in contract. Therefore, the injury that would be applicable is the time of the breach of the contract, not the time of the tort itself. Distinguishing between the tort claim and the contract claim is the approach suggested by the Supreme Court of Ohio. *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323.

Therefore, the proper point at which prejudgment liability is to accrue is not until the plaintiff exhausts the liability policy of the tortfeasor. This occurred when the plaintiff made the demand for arbitration on August 11, 1995.

### III. Entitlement to Prejudgment Interest

The plaintiff brings this action under either section (A) or section (C) of R.C. 1343.03. R.C. 1343.03(A) states:

"(A) In cases * * * when money becomes due and payable upon any bond, bill, note, or other instrument of writing * * * the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in the contract."

The term "instrument in writing" includes insurance contracts. *Lee v. Motorists Mut. Ins. Co.* (Aug. 15, 1994), Butler App. No. CA94–02–027, unreported, 1994 WL 424125.

The major difference between the (A) and (C) sections is that the awarding of prejudgment interest under section (A) does not require the finding that the liable party failed to make a good faith effort to settle the case. *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St.3d at 115, 652 N.E.2d at 691.

Therefore, this court need not make a ruling on the question of whether there were good faith dealings in negotiations between the two parties, since this ruling is based solely on R.C. 1343.03(A).

■ The question then becomes, when did the right of the plaintiff to receive the benefits from her own insurance policy accrue? In *Kuhner v. Erie Ins. Co.* (1994), 98 Ohio App.3d 692, 649 N.E.2d 844, it was held that the right accrues when the insured exhausts the limits of the tortfeasor's policy. At that point, the money became due and payable, even though the amount owed to the plaintiff was disputed. In cases involving R.C. 1343.03(A), it is not necessary that the sum be a sum certain before prejudgment interest may be calculated. *Royal Electric.*

In *Royal Electric,* the Ohio Supreme Court noted that the purpose of R.C. 1343.03(A) is to compensate a plaintiff for the time period between the accrual of the cause of action and the final award from a court. The opinion also stated that another purpose of prejudgment interest is to encourage parties to make prompt settlement of claims. As noted above, this court believes that the same policy considerations apply to this contract as applied to the contract in *Royal Electric.*

Therefore, the date in which the prejudgment interests began to accrue is August 11, 1995. Using that date, the plaintiff is entitled to $6,825 in prejudgment interest pursuant to R.C. 1343.03(A); with respect to the claim for prejudgment interest under R.C. 1343.03(C), the court will set the matter down for a hearing if the plaintiff indicates that she desires such a hearing.

*Judgment accordingly.*