MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiffs-appellants Robert and Diane Sykes appeal the summary judgment entered by the trial court in favor of Farmers Insurance of Columbus, Inc. ("Farmers"). We have sua sponte
removed this case from the accelerated calendar. The Sykeses had sued Farmers for underinsured-motorist coverage for injuries suffered as a result of an automobile accident caused by Suzette Pollard. The Sykeses brought their claim more than two years after the accident.
The Sykeses' policy with Farmers contained a provision that stated that any claim for underinsured-motorist coverage had to be filed within two years of the date of the accident giving rise to the claim, "regardless of whether the limits of liability of any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." Another provision stated that Farmers would pay an insured pursuant to the underinsured-motorists coverage "only after the limits of liability under any applicable bodily injury bonds or policies have been exhausted."
Summary judgment pursuant to Civ.R. 56(C) may be granted only when no genuine issues of material fact remain to be litigated and the moving party is entitled to judgment as a matter of law. Here, the parties agree on the relevant facts. The trial court held that Farmers was entitled to judgment as a matter of law. We review this determination de novo.[1]
In granting summary judgment, the trial court held that the two-year limitation in the contract for submitting claims was enforceable. The Ohio Supreme Court, this court and other courts have held that a provision in an insurance contract setting a limitations period for bringing a claim is void if the limitations period expires before the cause of action for benefits has even accrued, thereby extinguishing the claim.[2] A cause of action for underinsured benefits accrues when the insured learns that the tortfeasor's liability insurance is insufficient to compensate the insured for his injuries or when the insured settles his claim with the tortfeasor. An insured's right to underinsured-motorist benefits and the insurer's obligation to pay the benefits arise only when the tortfeasor's policy limits are exhausted and the insured is not fully compensated for his injuries.[3]
The trial court held, nevertheless, that the limitations provision in Farmers' policy was valid because Farmers consented to be sued before other insurance was exhausted. With exhaustion removed as a condition precedent to filing a claim, the trial court held, the insured's claim for underinsured benefits accrued at the time of the accident, and the two-year limitations period was reasonable.
In support of the trial court's decision, Farmers claims that neither Dietrich nor any of the other cases cited above is dispositive of this case, because Farmers' policy contains the special provision that a claim for benefits must be filed within two years of the accident, "regardless of whether the limits of liability of any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." Farmers argues that this special provision results in the accrual of the cause of action at the time of the accident since exhaustion of other benefits is not a condition precedent to bringing suit. It further argues that the provision stating that it will pay underinsured benefits only after other insurance is exhausted is nothing more than a timing provision. We disagree.
Simply eliminating actual exhaustion of the other applicable benefits as a condition precedent to bringing a claim does not otherwise change the fact that the insufficiency of the tortfeasor's insurance is a condition precedent to having a claimor cause of action for underinsured-motorist benefits. The insured has no cause of action until he is aware that the limits of the other benefits will be insufficient to compensate him; allowing the insured to file a claim for underinsured benefits even though other applicable insurance will fully compensate the insured does not change the fact.
We find irrelevant Farmers' claim that the provision in the insurance contract stating that it will pay underinsured-motorist benefits "only after the limits of liability under any applicable bodily injury bonds or policies have been exhausted" refers solely to the timing of the payment and is not a condition precedent to filing a claim. Again, removing exhaustion as a condition precedent does not change the fact that an underinsured-benefits claim does not accrue until the insured knows that his or her damages are greater than the total available coverage from other sources.
Because the two-year period of limitations in the insurance contract can extinguish an insured's claim prior to the time it accrues, the provision is unreasonable per se and cannot be enforced.[4] We sustain the Sykeses' assignments of error. Therefore, the judgment of the trial court is reversed, and the case remanded for further proceedings.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and cause remanded.
Doan, P.J., Hildebrandt and Painter, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 26, 1999 per order of the Court _______________________________.
Presiding Judge
[1] See Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588, 641 N.E.2d 265, 271.
[2] See Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627,635 N.E.2d 323, paragraph four of the syllabus; Kuhner v. Erie Ins.Co. (1994), 98 Ohio App.3d 692, 698, 649 N.E.2d 844, 848; Dietrichv. Nationwide Mut. Ins. Co. (Nov. 15, 1995), Hamilton App. No. C-950042, unreported.
[3] See Kraly, 69 Ohio St.3d at 633, 635 N.E.2d at 328; Kuhner,98 Ohio App.3d at 698, 649 N.E.2d at 848; Dietrich, supra;Balatgek v. State Farm Ins. Co. (June 12, 1997), Franklin App. No. 96APE12-1618, unreported; Gregory v. Western Reserve MutualCasualty Co. (Dec. 31, 1997), Wayne App. No. C.A. 97CA0020, unreported; Cotner v. U.S. Fidelity Guaranty Co. (Mar. 20, 1988), Erie App. No. E-97-047, unreported. Balatgek and Gregory
were both reversed on other grounds pursuant to Ross v. FarmersGroup (1988), 82 Ohio St.3d 281, 695 N.E.2d 732.
[4] See Kraly, 69 Ohio St.3d 627, 635 N.E.2d 323, paragraph four of the syllabus.