DISSENTS, SAYING:
 While I agree with the majority's conclusion that R.C. 4115.10 may impose liability on a general contractor in some circumstances and, therefore, that an employee may bring an action against a general contractor as well as a subcontractor, I dissent because the trial court erred in its determination that Esprit was not an indispensable party to this action.
The majority unjustifiably extends the proposition that a general contractor may be liable under R.C. 4115.10. Borrowing language from C.T. Taylor's arguments, the majority states that "R.C. 4115.10 allows for employees to name general contractors, subcontractors, or both when they initiate a suit based upon a right to sue letter against a subcontractor." I am not persuaded that R.C. 4115.10 or the unreported cases cited by the majority support the breadth of the holding in this case. The court in each case concluded that the trial courts erred by determining that a general contractor could not be liable under R.C. 4115.10. The courts were not confronted with the precise issue raised in this case and took no opportunity to consider whether suit may be brought against the contractor in the absence of a claim against the subcontractor.
Nonpayment of the prevailing wage may result from a variety of circumstances, some of which could clearly leave a general contractor liable. To require a general contractor to proceed in an action in which the subcontractor has not been named as a defendant, however, forces the general contractor to assume the role of subrogee on the employee's claims. It is this de facto
creation of a subrogor-subrogee relationship between the contractor and subcontractor — not the prospect of additional litigation — that leads me to the conclusion that Esprit was a necessary party to this action. See Civ.R. 19(A).
The majority correctly observes that joinder of a necessary party, when feasible, is the preferred remedy for failure to join a party. See, e.g., State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 81. This action was originally filed against C.T. Taylor Co., Inc., d.b.a. Esprit Constructors. Following C.T. Taylor's motion to dismiss pursuant to Civ.R. 12(B)(7) and Civ.R. 19, the Appellee moved for leave to file an amended complaint separately naming C.T. Taylor and Esprit as defendants. The trial court denied leave, concluding: (1) that the Appellee was attempting to add Esprit as a defendant; and (2) that a claim against Esprit was untimely. These conclusions are correct. Civ.R. 15(A) permits amendments to pleadings by leave of court, which "shall be freely given when justice so requires." Further, Civ.R. 15(C) provides that an amendment that substitutes a different defendant may relate back to the date of the original complaint. This rule, however, does not apply with equal force to amendment with the goal of adding a defendant. The Supreme Court of Ohio has held:
 Civ.R. 15 (C) may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied * * * [but] the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.
Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, paragraph one of the syllabus. As a consequence, claims raised by amendment against an additional defendant must be asserted within the applicable statute of limitations. See Green v. Barrett (1995),102 Ohio App.3d 525, 530-531.
The appellee's proposed amendment to the pleadings sought to add, not substitute, Esprit as a defendant. Accordingly, the addition of Esprit could not relate back to the date of the original complaint. An action against an employer under R.C.4115.10 must be commenced within sixty days of the administrative determination that a violation has occurred. R.C. 4115.10. The original complaint was filed on September 25, 1995, placing the addition of Esprit at the date of the proposed amendment beyond the time for filing pursuant to R.C. 4115.10. For these reasons, the trial court properly concluded that Esprit could not be joined as a party to this action.
When joinder is not feasible, the trial court must determine whether the omitted party is indispensable to the action, considering:
 first, to what extent a judgment rendered in the [party's] absence might be prejudicial to [that party] or those already parties; second, the extent to which * * * the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed[.]
Civ.R. 19(B). Given the relationship between contractor and subcontractor in this situation, the prejudice that accrued to C.T. Taylor could not be alleviated in the absence of Esprit as a defendant.
The trial court improperly determined that Esprit was not an indispensable party to this action and, therefore, erred in denying C.T. Taylor's motion to dismiss. For the forgoing reasons, I respectfully dissent.