JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Paula Fauskey and Gerald Fauskey (collectively appellants) appeal from the order of the trial court granting summary judgment in favor of defendant-appellee Farmers Insurance of Columbus, Inc. (appellee) on appellants' underinsured motorist insurance lawsuit. For the following reasons, we reverse the judgment of the trial court.
On October 13, 1995, Paula Fauskey was involved in a motor vehicle accident caused by William M. Link, Jr. According to appellants, Mrs. Fauskey incurred medical expenses in excess of $78,000. At the time of the accident, appellee provided insurance coverage to appellants, including underinsured motorist coverage with limits of $250,000 per person and $500,000 per accident.
The tortfeasor had liability insurance with $300,000 limits. On September 12, 1997, appellants settled with the tortfeasor, through his liability insurance carrier, for $290,500.
Appellee denied appellants' demands for underinsured motorist benefits and, on November 9, 1998, appellants filed the underlying lawsuit.
On June 4, 1999, appellee filed a motion for summary judgment In a journal entry filed on October 14, 1999, the trial court granted appellee's motion for summary judgment based upon the anti-stacking provisions of S.B. 20 and the subject policy's two-year statute of limitations. Therefrom, appellants filed a timely notice of appeal with this court.
 I. THE COURT ERRED IN FINDING THAT THE INSURANCE POLICY WAS RENEWED EVERY SIX MONTHS PURSUANT TO ITS TERMS.
In their first assignment of error, appellants claim that the trial court erred in finding that the renewal of their insurance contract on September 14, 1995, constituted a new contract and, therefore, that the anti-stacking provisions of S.B. 20 apply. Appellants insist that the trial court should have applied Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, the law in effect when the policy was first issued on March 14, 1994.
In response, appellee relies on Benson v. Rosler (1985), 19 Ohio St.3d 41
and Ross v. Farmers Ins. Group (1998), 82 Ohio St.3d 281 . In Benson, the Supreme Court of Ohio held:
 Statutes pertaining to a policy of insurance and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy.
Id.at 44. In Ross, the supreme court recognized incorporation of a new law, viz., S.B. 20, into the renewal of an existing policy if the renewal represented a new contract of insurance. Id. at 289.
However, after this appeal was initiated, the supreme court decided Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, wherein the court held:
 Accordingly, we hold that, pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. We further hold that the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy. Pursuant to our decision in Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, the statutory law in effect on the date of issue of each new policy is the law to be applied.
* * *
 Applying the foregoing to the case at bar, the parties agree that the original issuance date of appellant's automobile liability insurance policy was on December 12, 1983. Counting successive two-year policy periods from that date, appellant's last guaranteed policy period would have run from December 12, 1993 to December 12, 1995. Am.Sub.S.B. No. 20 was enacted on October 20, 1994, approximately fourteen months before the end of appellant's two-year guaranteed policy period. Therefore, those provisions of the statute intended to supersede our decision in Savoie, 67 Ohio St.3d 500, 620 N.E.2d 809, could not have been incorporated into the contract of insurance until the mandatory policy period had expired on December 12, 1995 and a new guarantee period had begun.
Id. at 250-251. The majority in Wolfe went on to state that the court's determination in Benson is confusing at best and flat out wrong at its worst. Id.
Based upon Wolfe, we must apply the law in effect when the policy was first issued on March 14, 1994. The subject accident occurred within the minimum, guaranteed two-year policy period. Therefore, S.B. 20's anti-stacking provisions did not apply to the subject accident. The court erred in granting summary judgment in this regard. Appellants' first assignment of error is sustained.
 II. THE COURT ERRED IN FINDING THAT THE INSURANCE POLICY'S TWO YEAR STATUTE OF LIMITATIONS TO MAKE A CLAIM FOR UNDERINSURED [MOTORIST COVERAGE WAS] VALID.
In their second assignment of error, appellants assert that the trial court erred in granting summary judgment based upon the policy's two-year statute of limitations, which stated:
 Any suit or action, including arbitration, must be started within 2 years after the date of the accident or occurrence, regardless of whether the limits of liability of any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.
Appellants assert that this two-year statute of limitations is invalid based upon Kraly v. State Farm Mut. Auto. Ins. Co. (1994),69 Ohio St.3d 627. In Kraly, the Supreme Court of Ohio held:
 2. The validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues.
* * *
 4. A provision in a contract of insurance which purports to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of a right of action for such coverage is per se unreasonable and violative of the public policy of the state of Ohio as embodied in R.C. 3937.18.
Based upon the syllabus law of Kraly, we find the subject policy's two-year statute of limitations to be invalid. We realize that this decision may conflict with the recent opinion in McDonald v. State Farm Mut. Auto. Ins. Co. (August 10, 2000), Cuyahoga App. No. 76808, unreported. McDonald involved a similar two-year statute of limitations from the date of the accident. The accident in McDonald occurred on April 14, 1991. The plaintiffs settled with the tortfeasor's liability carrier on January 16, 1992, which afforded them about fifteen months to file an underinsured motorist claim.
The majority in McDonald upheld the validity of the policy's two-year statute of limitations from the date of the accident to file an underinsured motorist claim and, therefore, found that the plaintiffs' underinsured motorist claim was time barred.
The majority decision in McDonald was based upon a misapplication of Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281. In Ross, the Supreme Court of Ohio certified the following question for consideration: When does a cause of action for underinsured motorist coverage accrue so as to determine the law applicable to such a claim? Id. at 284 (emphasis added). The supreme court noted that it was not called upon to address the same issues decided in Kraly. Ross, at 286. The court did not overrule Kraly. Instead, the Ross court merely held:
 * * * An automobile liability insurance policy will typically require exhaustion of the proceeds of a tortfeasor's policy before the right to payment of underinsured motorist benefits will occur. However, the date that exhaustion of the tortfeasor's liability limits occurs is not determinative of the applicable law to a claim for underinsured motorist coverage.
Id. at 287 (emphasis added).
In this assignment of error, we are concerned with the accrual date for statute of limitations purposes as opposed to determining applicable law. Therefore, we must follow Kraly and Ross is inapplicable.
Moreover, McDonald is factually distinguishable from the facts of this case. As noted above, the plaintiffs in McDonald had approximately fifteen months to file their underinsured motorist claim after they settled with the tortfeasor. In the case sub judice, the accident occurred on October 13, 1995; however, appellants underinsured motorist claim did not accrue until they settled with the tortfeasor on September 12, 1997. The trial court's application of the policy's two-year statute of limitations only afforded appellants one month and one day to file the underlying lawsuit. The Supreme Court of Ohio in Kraly determined that three and one-half months was per se an unreasonably brief amount of time for a limitations period. Id. at paragraph four of the syllabus.
Based upon germane authority, we find that enforcing the policy's two-year statute of limitations from the date of the accident under the circumstance of this case would be unreasonable. Therefore, the trial court erred in granting summary judgment in this regard. Appellants' second assignment of error is sustained.
 III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE MOVING PARTY WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Based upon our disposition of the first and second assignments of error, appellants' third assignment of error is moot. The judgment of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM. J. and
JAMES D. SWEENEY, J. CONCUR.
_______________________ LEO M. SPELLACY, JUDGE