OPINION
Plaintiffs-appellants, Naomi Gooden, Executrix of the Estate of Kenneth C. Gooden, Deceased, and Terrie L. Kilgore, and Brian C. Gooden, children of decedent Kenneth C. Gooden ("appellants"), appeal from the judgment summarily entered in the Stark County Court of Common Pleas dismissing their complaint for declaratory judgment, breach of contract, and bad faith. Appellants assign as error:
ASSIGNMENT OF ERROR:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
The following facts are reflected in the record and the well-written opinion of the trial court.
On May 23, 1988, appellants' decedent, Kenneth C. Gooden, was involved in a fatal automobile accident. On the date of the accident, Kenneth Gooden was insured under a policy of automobile insurance issued by defendant-appellee, Grange Mutual Casualty Company ("appellee"). This insurance policy provided for uninsured/underinsured motorist coverage with limits of $50,000 per person, and $100,000 per occurrence. The tortfeasor in the accident, Sean M. Solon, was an uninsured/underinsured motorist.
On June 21, 1991, appellants settled their claims regarding the May 23, 1988 accident with the tortfeasor. Appellants also made uninsured/underinsured coverage claims under appellee's policy on February 8, 1989. Appellee denied the uninsured/underinsured claims on March 16, 1989, claiming the tortfeasor, Mr. Solon, was not an underinsured motorist under Ohio law at the time of the accident in question. Appellee asserted that the tortfeasor was not underinsured because his liability insurance coverage was higher than appellee's policy limits.
However, in 1993, the law in Ohio changed with respect to uninsured/underinsured coverage, which change in law was set forth in the Ohio Supreme Court decision of Savoie vs. Grange Mutual Insurance Co. (1993), 67 Ohio St.3d 500. As such, appellants again made a demand for underinsured coverage to appellee on September 30, 1998. Appellee again denied coverage. The second denial of coverage was based on the policy provision that required any legal action or arbitration against appellee for uninsured/underinsured motorist coverage must be brought within two (2) years of the date of the accident. In response to the second denial, appellants filed the instant complaint in the Stark County Court of Common Pleas on May 26, 1999.
By judgment entered April 7, 2000, the Stark County Court of Common Pleas dismissed appellants' action on the basis that same was time-barred. For the reasons that follow, we affirm the trial court's decision.
 I.
Appellants first claim the trial court erred in summarily dismissing their action because the two-year contractual period of limitations contained in the insurance policy at issue was ambiguous and/or void as against public policy. That contractual provision provides:
 "No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all of the terms of the policy and unless same is commenced within 2 years (TWO YEARS) from the date of accident."
First and foremost, we do not find any ambiguity with respect to the above-quoted contractual provision. However, we do agree with appellants, to a certain extent, that the above provision would violate public policy if it extinguished a claim for uninsured/underinsured motorist coverage by establishing a limitations period, which expired before or shortly after the accrual of a right of action for such coverage. See R.C. 3937.18 and Kraly vs. Vannewkirk (1994),69 Ohio St.3d 627 . In other words, if there existed no claim for uninsured/underinsured motorist coverage within the two-year contractual provision, we believe that it would violate public policy to extinguish any possible claims for uninsured/underinsured motorist claims before those claims ripened. By way of example, if an injured party instituted formal litigation against a tortfeasor for injuries sustained in an automobile crash prior to the expiration of the two-year statute of limitations for personal injuries, the claim for underinsurance coverage would not ripen until the action against the tortfeasor was finally determined. Under such circumstances, the injured party may not have a claim for underinsurance coverage until after the two-year contractual provision. That, however, is not the issue in this case.
Instead, appellants admit they had no claim for underinsurance coverage within two years after their claims against the tortfeasor were fully resolved. As admitted by appellants, they had no claim for uninsured/underinsured coverage until Savoie, supra, was decided in 1993. That being the case, once they were aware they had a potential claim for underinsurance coverage as a result of the Savoie decision, appellants had the corresponding duty to formally bring an action for such coverage against appellee within two years from the date in which they became aware of their potential claim for underinsurance coverage. Appellants, for reasons unknown, did not.
Rather, appellants waited until 1999, some six (6) years after the Savoie decision, to initiate formal action against appellee for their potential claim of underinsured motorist coverage. Accordingly, for the reasons stated above, we find the two-year contractual limitation contained in the insurance policy at issue, to be a valid contractual provision in this case. Because appellants did not file formal action against appellee within two years after the date in which the Savoie decision was announced, we need not comment on whether the two-year contractual provision would have prohibited appellants' action had it been filed within two years after the Savoie decision.
Appellant's sole Assignment of Error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
Farmer, P.J. and Edwards, J. concur.
 ____________ Reader, V.J.