OPINION
Plaintiffs-appellants, Lawrence and Loretta Mitchell and Linette Will, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, State Automobile Mutual Insurance Company ("State Auto"). Because the trial court properly granted summary judgment to State Auto, we affirm.
The facts underlying the summary judgment motion are undisputed. On October 9, 1994, an uninsured motorist, Luz Camacho, negligently operated a motor vehicle, causing an accident that injured Lawrence Mitchell, Jr., the son of plaintiffs Lawrence and Loretta Mitchell and the brother of plaintiff Linette Will. The following day, October 10, 1994, Lawrence Mitchell, Jr. died from the injuries sustained in the accident.
On September 21, 1999, plaintiffs contacted State Auto to give notice of their claim. When correspondence between the parties failed to resolve the issue, plaintiffs on January 12, 2000, filed a complaint against State Auto, asserting claims for wrongful death, breach of contract, and failure to act in good faith.
Following State Auto's answer, the action was transferred to the Lorain County Common Pleas Court on a motion for change of venue that State Auto filed. While the case was pending in Lorain County, State Auto filed a motion for summary judgment. Before the motion was determined, plaintiffs filed a motion for change of venue, requesting that the action be returned to the Franklin County Court of Common Pleas. Plaintiffs' motion was granted, and the matter was returned to Franklin County.
Following full briefing on State Auto's summary judgment motion, the trial court granted the motion, finding plaintiffs' action was barred by the time constraints set forth in their contracts with State Auto. Plaintiffs appeal, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND FAILING TO HOLD THAT THE STATE AUTOMOBILE MUTUAL INSURANCE COMPANY POLICY'S TIME LIMITATION PROVISION, WHICH PROVIDED THAT SUIT MUST BE BROUGHT AGAINST IT WITHIN TWO YEARS OF THE DATE OF THE ACCIDENT, WAS CONTRARY TO R.C. 3937.18 PER MILLER V. PROGRESSIVE CAS. INS. CO. (1994), 69 OHIO ST.3d 619, AND WAS UNENFORCEABLE BECAUSE IT PROVIDED A LESSOR [sic] PERIOD OF TIME FOR THE INSUREDS TO INITIATE AN ACTION OR PROCEEDING AGAINST IT TO RECOVER BENEFITS THAN THE INSUREDS WERE STATUTORILY ENTITLED TO COMMENCE AN ACTION FOR WRONGFUL DEATH AGAINST THE TORTFEASOR (THEIR CAUSE OF ACTION FOR WRONGFUL DEATH NOT ARISING UNTIL THE DATE OF DEATH), AND THEREFORE THE PROVISION PREVENTS THESE INSUREDS FROM BEING PLACED IN THE SAME POSITION REGARDING RECOVERY OF THEIR DAMAGES THAT THEY WOULD HAVE ENJOYED HAD THE TORTFEASOR BEEN INSURED, WHEN THE POLICY PROVISION IS UNENFORCEABLE, THE TIME LIMIT FOR MAKING A CLAIM ON THE POLICY IS FIFTEEN YEARS.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND FAILING TO HOLD THAT THE STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S TIME LIMITATION PROVISION WHICH APPLIES SOLELY TO UNINSURED MOTORIST COVERAGE AND DOES NOT APPLY TO LIABILITY COVERAGE, IS INVALID AND UNENFORCEABLE AS CONTRARY TO THE REQUIREMENT OF R.C. 3937.18 THAT UNINSURED MOTORIST COVERAGE EQUIVALENT TO THE LIABILITY COVERAGE BE PROVIDED.
Because plaintiffs' assignments of error are interrelated, we address them jointly. Together they assert the trial court erred in granting summary judgment to State Auto, as the provision in its contracts requiring that a legal action or arbitration proceeding be instituted within two years of the date of the accident is void and unenforceable.State Auto issued to Lawrence Mitchell a policy effective May 6, 1994 to November 6, 1994; Loretta Mitchell, his wife, was an insured under the policy. State Auto also issued to Jeffrey Will, husband of Linette Will, a policy effective from July 5, 1994 to January 5, 1995; Linette Will was an insured under the policy. Both policies contain the following language:
 Under uninsured or underinsured motorist coverage of this policy, if provided, no legal action or arbitration proceeding may be brought against us unless the action or proceeding is begun within two years of the date of the accident.
Plaintiffs contend R.C. 3937.18 requires State Auto to provide uninsured motorist coverage that puts plaintiffs in the same, or better, position to recover damages as plaintiffs would have enjoyed had the tortfeasor been insured. Noting the statute of limitations for wrongful death is two years from the date of death, not two years from the date of accident, they contend State Auto's policies provide a lesser period of time to initiate an action against State Auto than plaintiffs would have had against an insured tortfeasor pursuant to the wrongful death statute. Accordingly, plaintiffs contend State Auto's limitation regarding commencement of an action on their policies is void and unenforceable under Miller v. Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619.
In Miller, the Supreme Court addressed a provision in an insurance contract that limited the time for bringing an action on the contract to a period less than that prescribed by the general statute of limitations governing contract actions. Although the statute of limitations governing contract actions was fifteen years, and the statute of limitations governing actions for bodily injury allowed two years from the date of injury to commence the action, the policy in Miller provided only one year. The court acknowledged a contract validly may limit the time for bringing an action on the contract to "a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one." Id. at 624, quoting Colvin v. Globe Am. Cas. Co. (1982), 69 Ohio St.2d 293, 295. The court, however, found the limitation in Miller unreasonable. Because the provision in the policy provided a lesser period of time for appellants to initiate an action against their insurance company than against the tortfeasor, the injured parties were not placed in the same position with respect to the recovery of damages for bodily injury than they would have enjoyed had the tortfeasor been insured. Accordingly, the court found the one-year limitation void as against public policy, but noted "we do not suggest that time-limitation provisions of the type at issue in this case are altogether prohibited. Consistent with our analysis, a two-year period, such as that provided for bodily injury actions in R.C. 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." Miller, supra, at 624-625. (Emphasis sic.)
On the same day, the Ohio Supreme Court decided Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627. In that case, the insureds instituted an action in negligence against the tortfeasor, only to later discover the tortfeasor's insurance company was declared insolvent. When the insureds learned of the company's insolvency, they had three and one-half months to institute an action against their own insurance company for uninsured benefits pursuant to the two-year limitation period contained in the policy.
The Ohio Supreme Court determined that the "validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues." Id., paragraph two of the syllabus. Coupled with that conclusion, the court concluded that "[w]here the liability insurer of a tortfeasor has been declared insolvent, a right of action of an insured injured by the tortfeasor against his insurer under the uninsured motorist provision of his automobile insurance contract accrues on the date that the insured receives notice of the insolvency." Id., paragraph three of the syllabus. In explaining its holding, the Ohio Supreme Court noted that "[a] provision in a contract of insurance which purports to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of a right of action for such coverage is per se unreasonable and violative of the public policy of the state of Ohio as embodied in R.C. 3937.18." Id., paragraph four of the syllabus.
State Auto's policies do not violate R.C. 3937.18, as did the policies in Miller and Kraly. State Auto's policies did not reduce the applicable statute of limitations by half, as did the policy in Miller. Nor did they leave plaintiffs with only a few months to commence an action, as was the result of the insurance provision in Kraly. Instead, State Auto's policies permitted plaintiffs two years from the date of the accident to commence an action or institute arbitration proceedings to recover policy benefits. While plaintiffs' cause of action under R.C. 2125.02(D) arising from the wrongful death of their decedent would have accrued on the date of his death, or the day following the accident, enforcement of the limitations clause in State Auto's policies with plaintiffs deprives plaintiffs, at most, of one day of the statute of limitations they would have had under the wrongful death statute. Unlike Miller and Kraly, the limitations period in State Auto's policies, varying from the wrongful death statute of limitations by one day, can neither be deemed unreasonable, nor a dilution or elimination of plaintiffs' rights.
By contrast, had plaintiffs' decedent survived for a considerable period of time, but then died shortly before the limitations period of State Auto's policies was about to expire, plaintiffs' arguments would be more compelling and more in harmony with the rationale of Miller and Kraly. Those circumstances, however, are not the facts of this case. To apply plaintiffs' argument to the facts of this case would deviate from the analysis of Miller and Kraly, especially given that plaintiffs did not commence an action either within the two years set forth in State Auto's policy or within the two years and one day allowed under R.C.2125.02(D). To the contrary, plaintiffs first contacted State Auto on September 21, 1999, nearly five years following the accident.
We recognize that the Ohio Supreme Court in Kraly conditioned the validity of a contractual period of limitations at issue in that case on the limitations period commencing on the date that the right of action arising from the contractual obligation accrues. Literal application of that language suggests a violation of that principle here. Guided, however, by the facts of Kraly and Miller in applying the Ohio Supreme Court's pronouncements from those cases, we are compelled to conclude that the one-day difference between the statute of limitations for wrongful death and the period of limitations set forth in State Auto's policies is immaterial in determining the validity of State Auto's provision limiting the institution of the proceeding to two years from the date of the accident. See Ross v. Farmers Ins. Group (1998)82 Ohio St.3d 281, 287. Accordingly, we overrule plaintiffs' two assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
TYACK and PETREE, JJ., concur.