JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant State Automobile Mutual Insurance Company (State Auto) appeals the trial court's granting summary judgment in favor of defendant-appellee David Lewis. We find merit to the appeal, reverse the judgment entered in favor of Lewis, and enter judgment in favor of State Auto.[1]
 {¶ 2} On January 24, 1998, State Auto issued a business automobile policy to its named insured, Lewis Jewelry Distributing Co., Inc., dba Lewis Electronics, with the effective dates of January 24, 1998 to January 24, 1999.
 {¶ 3} On April 4, 1998, David Lewis, President of Lewis Electronics, was involved in a car accident with Yu Ling Wang, when Wang failed to yield to Lewis at a stop sign. Lewis suffered severe neck injuries, requiring spinal fusion surgery. Lewis was operating his personal car within the course and scope of his employment and received workers' compensation. His personal car was insured by Nationwide Insurance Company, which provided uninsured and underinsured motorist (UM/UIM) coverage with limits of $300,000. Wang was covered by an insurance policy issued by Progressive Insurance Company with limits of $25,000.
 {¶ 4} On October 22, 1998, Lewis settled with Wang for her policy limits of $25,000. Lewis failed to provide State Auto with prior notice of the settlement and release of the tortfeasor. On October 3, 2000, Lewis settled for an additional amount of $225,000 in UIM coverage from his personal car insurance carrier. Lewis again failed to inform State Auto of his settlement with Nationwide Insurance.
 {¶ 5} According to Lewis, although he did not inform State Auto of the settlements, he called his insurance agent, John Stark, within two weeks of the accident to give him notice of the accident and to inquire whether there was coverage under the State Auto policy. According to Lewis, Stark told him there was no coverage for the accident under the State Auto policy because workers' compensation covered the claims.
 {¶ 6} Lewis again inquired three months later about coverage and was again told there was no coverage. Lewis stated in his deposition that although Stark told him there was no coverage, he did not believe him because he paid extra for the policy so that employees driving within the scope of their employment would be covered. Lewis admitted that he never called to tell State Auto about the pending settlement claims. (Depo. at 80). He felt it was his attorney's responsibility to notify State Auto.
 {¶ 7} On March 17, 2000, more than sixteen months after settling with the tortfeasor, State Auto received its first notice of a claim being presented on behalf of Lewis for underinsured motorist benefits.
 {¶ 8} On January 5, 2001, State Auto filed a declaratory judgment action, seeking to have the trial court find that Lewis was not entitled to coverage under the terms of the State Auto policy because he failed to bring a claim within the two-year time limit required by the policy and because Lewis' failure to timely inform State Auto of his pending settlements destroyed State Auto's subrogation rights, which constituted a breach of the policy terms.
 {¶ 9} Both parties filed motions for summary judgment. The trial court entered summary judgment in favor of Lewis and subsequently entered a nunc pro tunc entry adding that "there was no just reason for delay."
 {¶ 10} State Auto asserts on appeal that the trial court erred in granting Lewis' motion for summary judgment and denying its motion for summary judgment.
 {¶ 11} Appellate review of summary judgments is de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor SoccerClub (1998), 82 Ohio St.3d 367, 369-370 as follows:
 {¶ 12} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293,662 N.E.2d 264, 273-274."
 {¶ 13} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 14} The policy issued to Lewis Electronics places limitations on the time in which to bring an action. The section entitled "Legal Action Against Us," states as follows:
 {¶ 15} "Under Uninsured or Underinsured Motorist Coverage of this policy, if provided, no legal action or arbitration proceeding may be brought against us unless the action or proceeding is begun within two years of the date of the accident." Form AU154 (01/91).
 {¶ 16} It is undisputed that no legal action was brought against State Auto within the two-year time limit required under the policy. In fact, an action was not commenced by Lewis until June 2001, after State Auto filed its declaratory judgment action in January 2001. This was more than three years after the accident.
 {¶ 17} Although various cases have found such a provision limiting the time for bringing an action to be unenforceable, the holdings in those cases are fact-specific and not a broad holding that such limitations are unenforceable per se. See, Kraly v. Vannewkirk (1994),69 Ohio St.3d 627 (insolvency of tortfeasor's liability insurer was triggering event for uninsured motorist coverage, since prior to the insolvency, the plaintiffs had no claim for recovery under their uninsured motorist policy); Miller v. Progressive Cas. Ins. Co. (1994),69 Ohio St.3d 619 (one-year limitation was void against public policy, but held that a two-year period would be reasonable); Ross v. FarmerIns. Group of Cos. (1998), 82 Ohio St.3d 281 ("We believe that the Montgomery County Court of Appeals was in error when it applied the holding of Kraly to appellants' causes of action. Kraly unarguably involved a unique factual situation, and this court accordingly fashioned a remedy based upon concepts of fairness and public policy.")
 {¶ 18} This court has upheld and enforced similar two-year insurance policy limitations. See, Veloski v. State Farm Mut. Auto Ins.Co. (1998), 130 Ohio App.3d 27, 30, where this court held, "To permit an unending period of time (or even to limit the period to fifteen years as appellant argued orally) would allow policy holders to sit on their claims indefinitely while waiting for the law to change." See, also, Marsh v.State Auto Mut. Ins. Co. (1997), 123 Ohio App.3d 356; McDonald v. StateFarm Mut. Auto. Ins. Co. (Aug. 10, 2000), Cuyahoga App. No. 76808. In the instant case, there is no basis for finding the two-year time limitation unreasonable.
 {¶ 19} Although Lewis argued in his opposition to summary judgment that he was not apprised he had an action against State Auto until the Ohio Supreme Court decided Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, Lewis' case is not a Scott-Pontzer claim. It is undisputed that Lewis, the President of Lewis Electronics, was performing a duty within the scope of his employment when the accident occurred. Therefore, there is no need to apply Scott-Pontzer to this case. As Lewis admitted, he bought the insurance specifically for this scenario. Furthermore, even if it was a Scott-Pontzer case, Lewis' argument that he did not have notice he could file a claim until that case was decided is without merit. While we do not dispute thatScott-Pontzer can be retroactively applied, we disagree that awaiting a favorable court decision is a reasonable excuse for the three-year delay in filing a claim. See, Cincinnati Ins. Co. v. McClain, 2nd Dist. No. 2001-CA-96, 2002-Ohio-1190; Heiney v. Hartford, 10th Dist. No. 01AP-1100, 2002-Ohio-3718.
 {¶ 20} State Auto's sole assignment of error is sustained.
 {¶ 21} Judgment in favor of Lewis is reversed, and judgment is entered for State Auto.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J. and DIANE KARPINSKI, J. CONCUR.
[1] The declaratory judgment action was consolidated with the underlying insurance coverage action, which remains pending. However, we find the trial court's judgment constitutes a final appealable order because the declaratory judgment action is an independent issue and the trial court attached Civ.R. 54(B) language. See, Allstate Ins. Co. v.Soto (Nov. 30, 2000), Cuyahoga Dist. No. 78114/78115.