{¶ 20} While I concur with the majority's resolution of appellants' second assignment of error and appellee's cross assignment of error, I must respectfully dissent from resolution of the first assignment of error.
 {¶ 21} R.C. 3313.64(K), the section for determination of residency disputes, has no sunset provision. Appellee had knowledge of appellants' nonresidency, at the latest, in October of 2000, when the tuition suit was first filed. Carrying the majority's reasoning to the extreme, public school districts could sit on their right to have residency determined by the state superintendant and years later secure such a determination and then file suit totally defeating the legislative intent underlying the statute of limitation. I am aware that Justice A. Sweeney cautioned in Kraly as to "foreclosing a right of action before it accrues * * *" Kraly v. Vannewkirk (1994), 69 Ohio St. 3d 627, 634, but leaving the door open indefinitely is equally abhorrent.
 {¶ 22} I would rule that the school district had knowledge of the residency issue, sat on their right to properly determine the matter and may only recover for tuition for the six-year period immediately proceeding their lawsuit of June 20, 2005.