**2008–0972. Stetter v. R.J. Corman Derailment Servs., L.L.C.**

Certified Questions of State Law, United States District Court, Northern Division of Ohio, Western Division, Case No. 3:07CV866. On May 16, 2008, an order certifying a number of state law questions was filed by the United States District Court, Northern District of Ohio, Western Division. On August 6, 2008, this court issued an order accepting the certified state law questions. On September 8, 2008, the United States District Court, Northern District of Ohio, Western Division filed an amended order indicating that the original certification order cited an incorrect Senate Bill and amending the questions certified to instead indicate the correct House Bill. Accordingly,

It is determined that the court will answer the following amended questions:

1. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to trial by jury?"

2. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to a remedy?"

3. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to an open court?"

4. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to due process of law?"

5. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to equal protection of the law?"

6. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the separation of powers?"

7. "Is R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for conflicting with the legislative authority granted to the General Assembly by {34 and {35, Article II, of the Ohio Constitution?"

8. "Does R.C. {2745.01, as enacted by House Bill 498, effective April 7, 2005, do away with the common law cause of action for employer intentional tort?"

It is ordered by the court that the petitioners shall file their merit brief within 40 days of the date of this entry accepting the amended state law questions and the parties shall otherwise proceed in accordance with S.Ct.Prac.R. VI and XVIII(7).

## MISCELLANEOUS DISMISSALS

**2008–0289. State ex rel. Barnes v. Cleveland.**

In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. It appears from the records of this court that relator has not filed a merit brief, due September 5, 2008, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Accordingly, pursuant to S.Ct.Prac.R. X(12),

It is ordered by the court that this cause is dismissed sua sponte.

**2008–1542. State v. Jones.**

Lawrence App. No. 07CA2, 2008-Ohio-304. This cause is pending before the court as an appeal from a court of appeals' decision under App.R. 26(B). Upon consideration of appellant's motion for stay of execution of judgment,

It is ordered by the court that the motion is denied.

It appears from the records of the court that the appellant has not filed a memorandum in support of jurisdiction, due August 11, 2008, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

It is ordered by the court that this cause is dismissed sua sponte.