{¶ 89} I concur in the judgment ultimately reached by the majority to affirm the grant of summary judgment in favor of Cleveland Steel Container Corporation. I disagree with the majority's resolution of the first assignment of error, declaring R.C. 2745.01 to be unconstitutional. Thus, I concur in judgment only.
 {¶ 90} In order to recover from an employer for "an intentional tort committed by the employer during the course of employment," the employee must prove "that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur." R.C. 2745.01(A). "`[Substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death." R.C. 2745.01(B).
 {¶ 91} In holding R.C. 2745.01 to be unconstitutional, the majority relies upon this court's prior decision in Fleming v. AAS Serv.,Inc., 11th Dist. No. 2007-P-0071, 2008-Ohio-3908. Fleming, in turn, relies upon R.C. 2745.01's similarity to previous attempts to statutorily codify the elements of an employer intentional tort, struck down as unconstitutional by the Ohio Supreme Court in Brady v.Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, and Johnson v. BPChemicals, Inc., 85 Ohio St.3d 298, 1999-Ohio-267.[1] *Page 24 
Neither of these precedents, however, compel this court to rule R.C. 2745.01 unconstitutional.
 {¶ 92} At issue in Johnson was a former version of R.C. 2745.01 that is readily distinguishable from the current version. The former version of R.C. 2745.01 defined an "employment intentional tort" as "an act committed by an employer in which the employer deliberately and intentionally injures, causes an occupational disease of, or causes the death of an employee." Former R.C. 2745.01(D)(1). Moreover, the employee was required to demonstrate "by clear and convincing evidence that the employer deliberately committed all of the elements of an employment intentional tort." Former R.C. 2745.01(B).
 {¶ 93} The Ohio Supreme Court found R.C. 2745.01 unconstitutional in its entirety for "creating] a cause of action that is simply illusory."Johnson, 85 Ohio St.3d at 306. "Because R.C. 2745.01 imposes excessive standards (deliberate and intentional act), with a heightened burden of proof (clear and convincing evidence), it is clearly not `a law that furthers the "* * * comfort, health, safety and general welfare of all employees."'" Id. at 308 (citations omitted).
 {¶ 94} The current version of R.C. 2745.01 is distinguishable in essential respects from the version at issue in Johnson. The current version does not contain a heightened burden of proof. Under the former statute, the employer's conduct must have been "both deliberate andintentional." Id. at 306 (emphasis sic). In the current version, the employer must commit "the tortious act with the intent to injure anotheror with the belief that the injury was substantially certain to occur [i.e. with deliberate *Page 25 
intent]." R.C. 2745.01(A) (emphasis added). While the former statute required conduct that was deliberate and intentional, the current version imposes liability where the conduct is intentional or
deliberate. As defined by R.C. 2745.01, an employer intentional tort is not an illusory cause of action. Thus, Johnson does not mandate that the current version of R.C. 2745.01 be declared unconstitutional.
 {¶ 95} The Brady decision concerned former R.C. 4121.80, which defined an employer intentional tort in terms substantially similar to the current version of R.C. 2745.01: "an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur," i.e. "that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death." Former 4121.80(G). Despite the similarity in the two statutes, the Brady decision is not controlling. As will be explained below, the Brady opinion was a plurality opinion. Since it failed to garner the support of four justices, it is not controlling law. Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 633.
 {¶ 96} Brady held that former "R.C. 4121.80 exceeds and conflicts with the legislative authority granted to the General Assembly pursuant to Sections 34 and 35, Article II of the Ohio Constitution, and is unconstitutional in toto." 61 Ohio St.3d 624, at paragraph two of the syllabus (emphasis sic).
 {¶ 97} Section 34, Article II of the Ohio Constitution provides: "Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the constitution shall impair or limit this power." The plurality opinion inBrady concluded that Section 34 did not authorize the General Assembly to enact former R.C. 4121.80. "A legislative enactment that attempts to remove a right to a *Page 26 
remedy under common law that would otherwise benefit the employee cannot be held to be a law that furthers the `* * * comfort, health, safety and general welfare of all employes * * *.'" Id. at 633.
 {¶ 98} Section 35, Article II of the Ohio Constitution created the Ohio's system of workmen's compensation "[f]or the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment * * *." As interpreted by the Brady plurality, "Section 35, Article II authorizes only enactment of laws encompassing death, injuries or occupational disease occasioned within the employment relationship." Id. at 634. From this, the court reasoned "the legislature cannot, consistent with Section 35, Article II, enact legislation governing intentional torts that occur within the employment relationship, because such intentional tortious conduct will always take place outside that relationship." Id.
 {¶ 99} According to the Brady plurality, then, former R.C. 4121.80 was unconstitutional because the Legislature lacked consitutional authority for enacting such legislation.[2]
 {¶ 100} This opinion, however, was not shared by the fourth justice voting to hold former R.C. 4121.80 unconstitutional. Justice Brown properly recognized that former 4121.80 was a valid exercise of the General Assembly's police power. Id. at 640 (Brown, J., concurring). With respect to "the public safety, the public health and morals, and the general welfare * * * the power of the legislative branch of the state government *Page 27 
is plenary, except as it may be specifically and clearly limited in the constitution." Bd. of Commrs. of Champaign Cty. v. Church (1900),62 Ohio St. 318, 344. This power may be exercised to modify the common law by legislative enactment. Thompson v. Ford (1955), 164 Ohio St. 74, 79
("the legislative branch of the government, unless prohibited by constitutional limitations, may modify or entirely abolish common-law actions and defenses").
 {¶ 101} Although Justice Brown recognized the General Assembly's power to enact former R.C. 4121.80, he found that statute unconstitutional for violating Section 5, Article I of the Ohio Constitution (right to a trial by jury), by imposing limits on the damages that may be awarded and by providing that damages would be determined by the Industrial Commission rather than by a civil jury. Brady, 61 Ohio St.3d at 641
(Brown, J., concurring). Current R.C. 2745.01 does not contain either of the provisions found to violate Section 5, Article I.
 {¶ 102} For the foregoing reasons, this court was not bound to follow either the Johnson or the Brady decisions in ruling on the constitutionality of R.C. 2745.01 in Fleming. In the absence of controlling precedent, this court should accord R.C. 2745.01 the presumption of constitutionality to which it is entitled. E.g. State v.Warren, 118 Ohio St.3d 200, 2008-Ohio-2011, at ¶ 21 (a statute "enjoy[s] a strong presumption of constitutionality" and "will be upheld unless the challenger can meet the burden of establishing beyond a reasonable doubt that the statute is unconstitutional") (citations omitted). The trial court's judgment should be affirmed on the basis of R.C. 2745.01.
[1] This issue of R.C. 2745.01 `s constitutionality is pending before the Ohio Supreme Court in at least two separate appeals: Kaminski v.Metal Wire Prods. Co., 119 Ohio St.3d 1407, 2008-Ohio-3880, andStetter v. R.J. Corman Derailment Servs., L.L.C., 119 Ohio St.3d 1452,2008-Ohio-4562.
[2] The Brady plurality's interpretation of Sections 34 and 35 as limiting the General Assembly's ability to legislate regarding employer intentional torts is open to question. See e.g. Am. Assn. of Univ.Professors v. Central State Univ., 87 Ohio St.3d 55, 61, 1999-Ohio-248
("[t]his court has repeatedly interpreted Section 34, Article II as a broad grant of authority to the General Assembly, not as a limitation on its power to enact legislation") (emphasis sic). *Page 1