[Cite as *Smith v. Garber*, 2013-Ohio-5677.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| KAREN A. SMITH, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 40 |
| CHRISTINA C. GARBER, et al. | |
| Defendants-Appellees | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 12 CV 656 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 4, 2013 |


APPEARANCES:

| For Plaintiffs-Appellants | For Defendants-Appellees |
|---|---|
| DAVID G. SCHMIDT<br>SCHMIDT LEGAL GROUP<br>614 West Superior Avenue, #1500<br>Cleveland, Ohio 44113 | WILLIAM F. SCULLY, JR.<br>WILLIAMS MOLITERNO & SCULLY<br>2241 Pinnacle Parkway<br>Twinsburg, Ohio 44087 |

*Wise, J.*

{¶1}   Appellants Karen A. Smith and Brandon Cooley appeal from the decision of the Court of Common Pleas, Richland County, which dismissed their personal injury lawsuit against Christina C. Garber and three other defendants. The relevant procedural facts leading to this appeal are as follows.

{¶2}   On September 22, 2007, Appellant Smith and Appellant Cooley were allegedly injured in a rear-end automobile collision in Richland County, Ohio. The other vehicle involved in the collision, a truck, was allegedly owned by "Midwest Logistics" and driven by Christina C. Garber.

{¶3}   However, it appears there are at least two separate business entities known as "Midwest Logistics." One is located on Southwyck Boulevard in Toledo, Ohio, and the other is located in North Liberty, Indiana.

{¶4}   On September 14, 2009, appellants filed a personal injury and negligence action against Midwest Logistics (using the Toledo address) and Ms. Garber in the Cuyahoga County Court of Common Pleas. Service has never been completed on Garber, but it was completed on Midwest Logistics (Toledo) on September 29, 2009.

{¶5}   On March 30, 2010, appellants filed an amended complaint in Cuyahoga County naming as additional defendants Appellees Midwest Logistics (using the Indiana address) and Medlin Trucking & Service (utilizing the same address as Midwest Logistics (Indiana)). Service was completed on both Appellee Midwest (Indiana) and Appellee Medlin Trucking on April 19, 2010.[1] These two appellees filed a motion to

---

[1]   The role of Medlin Trucking in the controversy at issue is not discussed at length in the present appeal.  Furthermore, Garber is not a participant in this appeal.

dismiss the amended complaint against them on May 3, 2010. The motion was apparently not ruled upon by the Cuyahoga County Court of Common Pleas.

**{¶6}** Appellants thereafter filed a motion to transfer their action to the Richland County Court of Common Pleas. The motion to transfer was granted on or about July 6, 2010. The case was captioned in Richland County as 2010-CV-0834. However, appellants thereafter filed a Rule 41(A) notice of dismissal, and the complaint under 2010-CV-0834 was dismissed without prejudice on June 14, 2011.[2]

**{¶7}** On June 6, 2012, appellants re-filed their complaint in the Richland County Court of Common Pleas, as case number 2012-CV-0656, naming four defendants. Service was completed on both Appellees Midwest Logistics (Indiana) and Medlin Trucking & Service on June 11, 2012. Service has never been completed on Midwest Logistics (Toledo) or Garber in 2012-CV-0656.

**{¶8}** On October 24, 2012, Appellees Midwest Logistics (Indiana) and Medlin Trucking & Service, without having filed an answer or otherwise formally responding to appellants' complaint, filed a motion to dismiss, citing the failure of appellants to file the action within the applicable two-year statute of limitations. Appellants did not respond. The motion to dismiss was granted by the trial court on December 20, 2012, as to Appellees Midwest Logistics (Indiana) and Medlin Trucking & Service. The court, however, gave appellants until March 20, 2013, to obtain service on the remaining defendants. When service was not completed on the remaining defendants, the trial court issued a final order of dismissal for failure to prosecute on April 9, 2013.

---

[2] The trial court file from 2010-CV-0834 has not been included in the present record on appeal.

{¶9} On May 8, 2013, appellants filed a notice of appeal. They herein raise the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEES' MOTION TO DISMISS."

I.

{¶11} In their sole Assignment of Error, appellants contend the trial court committed reversible error in granting appellees' motion to dismiss appellants' complaint. We disagree.

{¶12} Appellants first direct us to Ohio Civ.R. 15(C), which addresses the "relation back" of amendments to original pleadings. The rule states as follows:

{¶13} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

{¶14} In addition, Civ.R. 3(A) states:

{¶15} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an

incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

{¶16} Civ.R. 3(A) and 15(C) thus interact with each other; i.e., if a plaintiff meets the requirements of Civ.R. 15(C), "then Civ.R. 3(A) will permit relation back of the amended complaint to fall within the statute of limitations." *Sims v. Agosta*, 5th Dist. Fairfield No. 95-CA-0019, 1996 WL 72610. However, "[t]he decision whether to allow a Civ.R. 15(C) amendment is committed to the trial court's discretion and will not be reversed absent an abuse of that discretion." *Robinson v. Spurlock*, 4th Dist. Jackson No. 11CA4, 20122-Ohio-1510, ¶ 23 (additional citations omitted). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶17} However, we must first consider whether the case before us even implicates Civ.R. 15(C). In *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, the Ohio Supreme Court clearly held that while Civ.R. 15(C) may be employed to *substitute* a party named in the amended pleading for a party named in the original pleading, and the amended pleading then relates back to the date of the original pleading, the Rule may not be employed to assert a claim against an *additional* party while retaining a party against whom a claim was asserted in the original pleading. *See id.,* at paragraph one of the syllabus (emphases added). As aptly stated by the Eighth District Court of Appeals: "*** Civ.R. 15(C) does not allow for the adding of a new party to an original action under the relation back doctrine after the statute of limitations has

expired. When a new party is added, a new cause of action is created and will not relate back to the date of filing the original action for statute of limitations purposes." *Bykova v. Szucs,* 8th Dist. Cuyahoga No. 87629, 2006-Ohio-6424, ¶ 4.

{¶18} In the case sub judice, the 2012 "re-commenced" complaint (2012-CV-0656) filed by appellants lists, inter alia, both the Indiana-based and the Toledo-based entities known as Midwest Logistics as individual defendants. The trial court file further reveals that separate certified mail service was at least attempted on both of these entities. The record thus persuades us that appellants have followed a pattern of adding, rather than substituting, party-defendants. When Midwest Logistics (Indiana) and Medlin Trucking were "added" to the prior Cuyahoga County/Richland County case (2010-CV-0834) in 2010, the statute of limitations had already passed. Appellants' failure to properly bring the action against these two appellees within the statute of limitations was not cured by appellants' re-filing of the action in 2012 under the Ohio savings statute. We therefore find *Kraly* controls under the circumstances, and appellants' attempted invocation of Civ.R. 15(C) as a means of keeping their complaint within the statute of limitations is without merit.

{¶19} Even if we were to conclude otherwise, however, Civ.R. 15(C) sets forth three requirements that must be met before an amendment relates back to the original pleading. Of these, the second requirement is that the party "brought in" by the amendment must receive, within the period provided by law for commencing the action, such notice of the action that the party is able to maintain a defense. *See Sims*, *supra*, citing *Cecil v. Cottrill* (1993), 67 Ohio St.3d 367, 370. Appellants rely on a copy of an email in the record dated December 3, 2009, from Don Huston of Sentry Insurance

Company, in which Huston indicates that Sentry's insureds are Midwest Logistics (Indiana) and Christina Garber. This document appears to have been inadvertently stapled to appellees' own motion to dismiss of October 24, 2012. Appellants nonetheless never responded to appellees' said motion to dismiss, and thus never argued to the trial court the significance of the email or the manner in which Mr. Huston's knowledge was conveyed to or should be imputed to appellees. Under such circumstances, because the Civil Rules are to be construed and applied "to effect just results and eliminate impediments to the expeditious administration of justice" (*Blankenship v. CRT Tree*, 8th Dist. Cuyahoga No. 80907, 2002-Ohio-5354, ¶ 27, citing Civ.R. 1(B)), we cannot say the trial court abused its discretion by declining to allow the case to proceed pursuant to Civ.R. 15(C).

**{¶20}** Appellants' sole Assignment of Error is overruled.

**{¶21}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. CRAIG R. BALDWIN

JWW/d 1029

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KAREN A. SMITH, et al. :
:
    Plaintiffs-Appellants :
:
-vs- : JUDGMENT ENTRY
:
CHRISTINA C. GARBER, et al. :
:
    Defendants-Appellees : Case No. 13 CA 40

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellants.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. CRAIG R. BALDWIN