[Cite as *Emory v. Bailey*, 2024-Ohio-1955.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JON EMORY, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023 CA 00043 |
| LEA BAILEY, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 2020CV01204


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 21, 2024


APPEARANCES:

For Plaintiffs-Appellants          For Defendants-Appellees

ROGER L. WEAVER                MEGHAN D. KELLY
Weaver Law Offices             625 Alpha Dr. Box #011B
25 E. Waterloo Street          Highland Heights, OH 44143-2114
Canal Winchester, OH 43110

*Gwin, P.J.*

{¶1} Appellants appeal the April 18, 2023 judgment entry of the Licking County Court of Common Pleas granting appellee's motion to dismiss.

*Facts & Procedural History*

{¶2} An auto accident occurred on October 23, 2018 in Newark, Ohio. On October 22, 2020, appellants Jon Emory, Caleb Emory, and Tina Emory filed a complaint against defendants Lea Bailey ("Bailey"), Progressive Casualty Insurance Company, and John Doe. In the complaint, appellants asserted a negligence claim against Bailey, and alleged that Bailey was operating a motor vehicle when she negligently collided into a vehicle operated by Jon Emory and in which Caleb and Tina Emory were passengers. Appellants also asserted an uninsured/underinsured claim against Progressive Insurance.

{¶3} Bailey filed an answer instanter with leave of the trial court on February 11, 2021. The parties attended a pre-trial, engaged in discovery, and set oral hearings for discovery disputes. On November 1, 2021, Bailey filed a notice of substitution of counsel.

{¶4} Appellants filed a motion for leave to file an amended complaint on December 10, 2021, seeking to "add" appellee Dustina Powelson ("Powelson") as a defendant. In the motion, appellants alleged that Bailey's new counsel informed appellants that Bailey was not the driver of the vehicle when the accident occurred. Rather, Powelson, Bailey's granddaughter, was the driver. The trial court granted appellants' motion on December 13, 2021, and deemed the amended complaint filed on December 13, 2021. In the amended complaint, appellants asserted a negligence claim against Powelson, and a negligent entrustment claim against Bailey. Appellant Jon

Emory also added a loss of consortium claim against both Powelson and Bailey in the amended complaint.

{¶5} Powelson filed an answer to the amended complaint on January 14, 2022. In her answer, Powelson asserted a statute of limitations affirmative defense. Powelson served appellants with interrogatories and requests for production of documents. In May of 2022, Powelson filed a motion to compel discovery responses from appellants. The trial court set the matter for mediation. Bailey and Powelson jointly moved to continue the mediation. By agreement of the parties, the negligent entrustment claim against Bailey was dismissed without prejudice. The judgment entry specifically stated that "all other claims shall remain pending."

{¶6} On January 19, 2023, Powelson filed a motion to dismiss. Powelson argued appellants failed to perfect service and commence an action against her pursuant to Ohio Civil Rules 3(A), 15(C), and 15(D) and thus, the action was not brought within the statute of limitations. Appellants filed a memorandum contra on February 28, 2023. The trial court set the motion for an oral hearing.

{¶7} At the oral hearing, counsel for Powelson and appellants each argued their positions with regard to the motion to dismiss. Counsel for Powelson asserted she was listed on the traffic crash report issued after the accident, but was not listed in the complaint until the complaint was amended over three years after the accident. Thus, Powelson asserted the complaint against her should be dismissed because the complaint was not filed against her within the applicable statute of limitations.

{¶8} Counsel for appellants did not dispute Powelson was listed in the accident report, but stated it was not clear in the report that Powelson was the driver of the vehicle,

and he and his clients were unaware that Powelson was the driver of the vehicle until he filed his motion to amend the complaint. Accordingly, appellants argued Civil Rule 15(C) permits the amended complaint to relate back to the date of the original complaint, which was filed within the statute of limitations. Further, that Powelson had notice of the action due to her relationship with Bailey.

{¶9} The trial court issued a judgment entry on April 18, 2023 granting Powelson's motion to dismiss. Initially, the trial court found Civil Rule 15(D) did not apply to this case. Next, with regard to Civil Rule 15(C), the trial court found the that while the subject matter of the amended complaint arose from the same occurrence as the subject matter of the original complaint, it is "not clear" that Powelson was given any notice of the action within the time required by Civil Rule 3(A) or that Powelson knew or should have known that the action would have been brought against her. The trial court found the amended complaint does not relate back to the initial filing. Thus, the claim against Powelson had to be dismissed because it was filed beyond the statute of limitations.

{¶10} Appellants appeal the April 18, 2023 judgment entry of the Licking County Court of Common Pleas and assign the following as error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS BY MAKING ERRONEOUS FACTUAL ASSUMPTIONS AND/OR NOT CONDUCTING AN EVIDENTIARY HEARING TO CORRECT THE FACTUAL ASSUMPTIONS."

I.

{¶12} In this case, the trial court dismissed appellants' complaint against Powelson upon Powelson's motion to dismiss based on a statute of limitations claim. An appellate court's review of an adjudication of a motion to dismiss is de novo. *Ohio Bur. Of Worker's Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814.

{¶13} In its judgment entry, the trial court first determined that Civil Rule 15(D) is inapplicable because appellants did not identify a previously unidentified person. In both their appellate brief and their response to Powelson's motion to dismiss, appellants agree that Civil Rule 15(D) is not applicable in this case.

{¶14} We find the trial court did not commit error in finding Civil Rule 15(D) inapplicable. Civil Rule 15(D) permits a plaintiff to name a fictitious defendant when the plaintiff knows the identity and whereabouts of a defendant, but not the defendant's name. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019. To invoke Civil Rule 15(D), the plaintiff must identify the defendant in the complaint with enough specificity that personal service can be obtained on the defendant. *Id., quoting Varno v. Bally Mfg. Co.*, 19 Ohio St.3d 21, 482 N.E.2d 342 (1985). In this case, appellants did not identify the John Doe defendant in the complaint with enough specificity to obtain personal service.

{¶15} Additionally, Civil Rule 15(D) does not apply because the specific procedural requirements for the rule were not met by appellants. The summons for the complaint did not include the words "name unknown" with respect to any of the defendants, and it was served by certified mail. Appellants did not attempt, or obtain, personal service of the summons for either the complaint or the amended complaint on

Powelson or Bailey. As a result, appellants failed to meet the specific requirements of Civil Rule 15(D). *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25.

{¶16} The trial court also addressed whether Civil Rule 15(C) would permit the amended complaint to relate back to the filing date of the original complaint. The failure to commence an action within the applicable statute of limitations warrants a dismissal on the merits of the case. *LaBarbera v. Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55 (1967). A court has subject-matter jurisdiction to decide whether the statute of limitations should bar a cause of action. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998). R.C. 2305.10(A) states the statute of limitations for the claims in appellants' complaint. "[A]n action * * * for bodily injury * * * shall be brought within two years after the cause of action accrues * * * when the injury or loss to person * * * occurs." R.C. 2305.10(A). It is undisputed the motor vehicle accident at issue occurred on October 23, 2018. It is also undisputed that the amended complaint against Powelson was filed on December 13, 2021, which is more than two years from when the cause of action accrued.

{¶17} Civil Rule 3(A) provides that "a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C) * * *." Civil Rule 3(A) and Civil Rule 15(C) interact with each other, i.e., if a plaintiff meets the requirements of Civil Rule 15(C), then Civil Rule 3(A) will permit relation back of the amended complaint to fall within the statute of limitations. *Smith v. Garber*, 5th Dist. Richland No. 13 CA 40, 2013-Ohio-5677.

**{¶18}** As to the applicability of Civil Rule 15(C), the trial court focused solely on whether the three requirements (same occurrence, notice, knew or should have known) were met for the amended complaint to relate back to the original complaint. However, upon our de novo review of the motion to dismiss, we must first consider whether the case before us even implicates Civil Rule 15(C).

**{¶19}** The Ohio Supreme Court has held as follows, "15(C) may be employed to substitute a party named in the amended pleading for a party misidentified in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied. However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading." *Kraley v. Vannewkirk*, 69 Ohio St.3d 627, 635 N.E.2d 323 (1994). The Court reasoned that the purpose of Civil Rule 15(C) "is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person" and that the plain language of the rule relates to the substitution of a proper party for one previously misidentified in the original complaint. *Id.* Thus, Civil Rule 15(C) does not allow for the adding of a new party to an original action under the relation back doctrine after the statute of limitations has expired. *Id.*

**{¶20}** In this case, like in *Kraley*, the effect of the amended complaint was not to substitute a proper party (Powelson) for one previously named in the original complaint (Bailey), but to add Powelson while retaining Bailey. This is evidenced by the fact that appellants state in their motion for leave to file amended complaint that the motion is a "motion for leave to add Dustina Powelson as a defendant."

{¶21} This Court has previously examined similar factual scenarios as in this case in three separate cases. The following facts occurred in each of the three cases: a motor vehicle accident occurred; the original complaint named a defendant who the plaintiff believed was the driver of the vehicle; the plaintiff discovered the person they thought was the driver was not the driver of the vehicle but was the owner of the vehicle; after the statute of limitations ran, the trial court gave the plaintiff leave to file an amended complaint; the plaintiff retained the original defendant as a defendant in the amended complaint with the claim against him or her changing to negligent entrustment; the added defendant filed an answer to the amended complaint, asserting statute of limitations as a defense; and the added party (driver of the vehicle) filed a motion to dismiss or motion for summary judgment based upon the statute of limitations. *Burk v. Opritza*, 5th Dist. Licking No. 2009-CA-0016, 2009-Ohio-5649; *McInerney v. Harvey*, 5th Dist. Licking No. 01 CA 29, 2001 WL 1000992; *Coleman v. Featheringill*, 5th Dist. Richland No. 01 CA 094, 2002-Ohio-4664.

{¶22} In each of the three cases, we found the motion to dismiss or motion for summary judgment filed by the driver of the vehicle should be granted because *Kraley* applied and the complaints against the drivers were time-barred. *Id.* We held that because the plaintiff in each case retained the original defendant in the amended complaint as a defendant, either adding or amending the claim against him or her to one of negligent entrustment, Civil Rule 15(C) did not apply. *Id.* We found the effect of the complaint was not to substitute a proper party for one previously named in the original complaint, but to add a defendant to the action. *Id.*

**{¶23}** In the *Burk* case, we additionally found that, when considering the applicability of Civil Rule 15(C), the fact that the negligent entrustment claim against the original defendant was subsequently dismissed during the pendency of the case against the driver does not change the fact that he was retained as a defendant in the amended complaint. *Burk v. Opritza*, 5th Dist. Licking No. 2009-CA-0016, 2009-Ohio-5649. *Kraley* still applied to bar the complaint against the driver even when the negligent entrustment claim was settled and dismissed by the parties. *Id.*

**{¶24}** The factual scenario in the *Burk, McInerney*, and *Coleman* cases exists in this case. A motor vehicle accident occurred. The original complaint named Bailey, who appellants believed was the driver of the vehicle. Appellants discovered Bailey was not the driver of the vehicle, but was the owner of the vehicle. After the statute of limitations ran, the trial court permitted appellants to file an amended complaint, adding a negligence claim and loss of consortium claim against Powelson. Appellants retained Bailey, the original defendant, as a defendant in the amended complaint with the claim against her changing to one of negligent entrustment with the addition a loss of consortium claim against her. Powelson filed an answer to the amended complaint, asserting the statute of limitations as a defense. Powelson filed a motion to dismiss based upon the statute of limitations.

**{¶25}** In the primary case cited by appellants in support of their position, the Third District found the trial court committed error in finding the amended complaint did not relate back to the original complaint. *Campbell v. Schlegel*, 3rd Dist. Defiance No. 4-14-19, 2015-Ohio-2808. However, unlike in this case, the amendment in the *Campbell* case dismissed the defendant mistakenly sued in the original complaint as the driver and

substituted the correct driver. *Id.* Accordingly, we find the rationale in *Campbell* inapplicable to this case. Further, in the other case appellants cite in their brief, the amended complaint dismissed the original and wrongly-named party mistakenly sued. *Cecil v. Cottrill*, 67 Ohio St.3d 367, 618 N.E.2d 133 (1993) (appellants never intended to sue James C., but, in fact, intended to sue the driver, James L., James C. dismissed with the amended complaint).

{¶26} Appellants did not "substitute" Powelson for Bailey. Powelson was not a substituted party, but rather an additional party. In their motion for leave to amend complaint, appellants stated they wanted to "add" an additional defendant (Powelson). Joining an additional defendant is not the same as substituting one defendant for another. In the amended complaint, appellant asserted claims against both Powelson (negligence and loss of consortium) and Bailey (negligent entrustment and loss of consortium). The Court in *Kraley* prohibited such addition of parties and claims. *Caterpillar Financial Servs. Corp. v. Tatman,* 4th Dist. Ross No. 18CA3646, 2019-Ohio-2110.

{¶27} Powelson asserted the affirmative defense of statute of limitations in her answer. As this Court has previously stated, "a mistake of party does not exist merely because a party who may be liable for conduct in the original complaint was omitted as a party defendant." *Napier v. Ickes*, 5th Dist. Licking No. 2018 CA 00081, 2019-Ohio-2774 (complaint did not substitute a new defendant in place of original defendant as other remained as a party defendant, so Civil Rule 15(C) did not apply).

{¶28} The Ohio Supreme Court's precedent in *Kraley* and this Court's previous decisions as detailed above control under these circumstances. Appellants' attempted invocation of Civil Rule 15(C) is without merit.

{¶29} We find Civil Rule 15(C) does not apply to permit appellants' amended complaint to relate back to the original complaint.  Accordingly, appellants' claim against Powelson is barred by the statute of limitations, and the trial court did not commit error in dismissing the complaint as being beyond the statute of limitations.

{¶30} Based on the foregoing, appellants' assignment of error is overruled.  The April 18, 2023 judgment entry of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Baldwin, J., and

King, J., concur.