[Cite as *Kovacic v. Wickliffe*, 2025-Ohio-3195.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

DANIEL EDWARD KOVACIC,

        Plaintiff-Appellant,

- vs -

CITY OF WICKLIFFE, et al.,

        Defendants-Appellees.

CASE NO. 2025-L-028

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 001255

---

## OPINION AND JUDGMENT ENTRY

Decided: September 8, 2025
Judgment: Affirmed

---

*Daniel Edward Kovacic*, pro se, Reg. No. 7962750, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Plaintiff-Appellant).

*David L. Harvey, III* and *Matthew B. Abens*, Harvey + Abens Co., L.P.A., 19250 Bagley Road, Suite 102, Middleburg Heights, OH 44130; and *Jeremy D. Iosue*, Stefanik Iosue & Associates, LLC, 1109 Carnegie Avenue, 2nd Floor, Cleveland, OH 44115 (For Defendants-Appellees, City of Wickliffe, Wickliffe Police Department, Mayor Joseph Sakacs, Randy Ice, Chief Jonathon Bush, Lieutenant James Coolick, Patrolman Anthony Didona, Sergeant Mark Sopko, Kristen Fitch, Patrolman Blair, Lieutenant David Krivacic, Patrolman Daniel Rosen, Police Dispatcher Donald Stein).

*Matthew J. Cavanagh*, McDonald Hopkins, LLC, 600 Superior Avenue, East, Suite 2100, Cleveland, OH 44114 (For Defendants-Appellees, David Hughes, Gray Local Media, and Brian Koster).

*Kevin T. Shook*, Frost Brown Todd, LLP, One Columbus Center, 10 West Broad Street, Suite 2300, Columbus, OH 43215 (For Defendants-Appellees, Paul J. Perozeni, Nicole Nichols, Jordan Unger, Maya Morita, and Jodie Heisner).

*Steven A. Friedman* and *Elizabeth A. Safier*, Squire Patton Boggs, LLP, 1000 Key Tower, 127 Public Square, Cleveland, OH 44114 (For Defendants-Appellees, Micki Byrnes, Bri Buckley, and Jonathon Adkins).

EUGENE A. LUCCI, J.

{¶1}   Appellant, Daniel Edward Kovacic, appeals the judgment dismissing his complaint as amended. We affirm.

{¶2}   On August 16, 2024, Kovacic filed a civil complaint against the city of Wickliffe, the Wickliffe Police Department, four specified individuals at certain news organizations (the "news media defendants"), and "any John/Jane Doe's." Pursuant to Kovacic's complaint, on August 17, 2023, the Wickliffe Police Department received reports that a man had exited Kovacic's apartment, fired a gun approximately four times, and then returned inside his apartment with a female. Officers arrived at the scene and conducted a five-hour stakeout of Kovacic's apartment. Thereafter, Kovacic alleged that the police officers reported that he had "barricaded" himself inside his home with a female during a "standoff." Kovacic maintained that the news media published information from the police reports. However, Kovacic maintained that the officers' statements were false, as police had been advised when they arrived at the scene that Kovacic was sleeping in his apartment and unaware of the officers' presence. Kovacic attached portions of police records and news media reports to his original complaint.

{¶3}   Subsequently, several defendants moved to dismiss the original complaint. On September 26, 2024, Kovacic moved to amend his complaint and for an extension of time to respond to the motions to dismiss. The trial court granted Kovacic's motion for leave to amend his complaint and denied his motion for leave to respond to the motions to dismiss as moot.

{¶4}   On October 18, 2024, Kovacic filed his amended complaint. The amended complaint named several additional defendants, including news media defendants and

individuals associated with the city of Wickliffe and its police department ("the individual Wickliffe defendants"). The caption of the amended complaint also included "John or Jane Does." Kovacic again attached several documents to his amended complaint, including the Wickliffe Police Department dispatch report and portions of copies of stories published by the news media defendants related to the incident.

{¶5} Thereafter, the named defendants moved to dismiss the amended complaint and to stay discovery until the trial court's ruling on the motions to dismiss. The trial court granted the motion to stay discovery pending ruling on the motions to dismiss.

{¶6} On November 8, 2024, Kovacic filed a "motion to request for interrogatories," which also contained a request for production of documents. The defendants opposed the motion. Kovacic then filed a "motion in opposition to defendants' motion to dismiss and motion to stay discovery." Thereafter, the trial court denied Kovacic's November 8, 2024 motion and adhered to its previous ruling that all discovery be stayed pending ruling on the motions to dismiss. On January 17, 2025, Kovacic renewed his motion for discovery.

{¶7} The trial court ruled on the pending motions in a judgment entry filed on February 14, 2025. Therein, the court granted the motions to dismiss and dismissed the amended complaint in its entirety. The court concluded that Kovacic's renewed motion for discovery was moot.

{¶8} On appeal, Kovacic assigns five errors for our review.[1] The first four assigned errors challenge the trial court's dismissal of his complaint:

---

1. Kovacic's statement of his assignments of error contained two assigned errors designated as assignments of error number "2." Kovacic does not argue the first of these two assigned errors in the body of the brief. *See* App.R. 16(A)(3) and (A)(7) (An appellant's brief shall include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is

Case No. 2025-L-028

1. The trial court erred in dismissing Plaintiff-Appellant's complaint on statute of limitations grounds, where Plaintiff was denied discovery necessary to identify the individual defendants and properly amend under Civ.R. 15(D) and 15(C).

. . .

2. The trial court erred in concluding that the challenged statements were "substantially true," despite clear factual inaccuracies that materially altered the impression conveyed to the public and caused reputational harm.

3. The trial court erred by finding that the defendants' statements were protected under the doctrine of qualified privilege, despite allegations and evidence of actual malice and reckless disregard for the truth.

4. The trial court erred in granting political subdivision immunity under R.C. 2744.03, where Plaintiff alleged facts sufficient to demonstrate malicious purpose, bad faith, and conduct outside the scope of official duties.

{¶9} "'An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo.'" *Kolkowski v. Ashtabula Area Teachers Assn.*, 2022-Ohio-3112, ¶ 19 (11th Dist.), quoting *Bliss v. Chandler*, 2007-Ohio-6161, ¶ 91 (11th Dist.). "In reviewing a Civ.R 12(B)(6) ruling, any allegations and reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Kolkowski* at ¶ 19, citing *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. "'[I]t must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Kolkowski* at ¶ 19, quoting *McKinley* at ¶ 12. "A

---

reflected," and "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." As Kovacic argues only the second of the listed assignments of error number "2" in the body of the brief, we confine our review accordingly.

Case No. 2025-L-028

copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C).

{¶10} The trial court dismissed the claims against the various defendants on separate grounds as follows. With respect to the Wickliffe Police Department, the trial court determined that it was not a legal entity capable of being sued. Regarding the city of Wickliffe, the trial court concluded that political subdivision immunity warranted dismissal of the claim against it because R.C. 2744.02 does not except claims for defamation from immunity. Regarding the claims against the individual Wickliffe defendants, the court dismissed the claims as time-barred by the statute of limitations. The court dismissed the claims against certain news media defendants because they did not identify Kovacic by name, address, photograph, or physical description. The court dismissed the claims against the remaining news media defendants based on the fair reporting privilege.

{¶11} In his first assigned error, Kovacic maintains that the trial court erred in dismissing his claims based on the statute of limitations.

{¶12} R.C. 2305.11(A) provides a one-year period to bring suit for defamation. As previously addressed, the statute of limitations served as the basis of the trial court's dismissal of the claims against the individual Wickliffe defendants who were not named as parties in the original complaint. The challenged statements of the individual Wickliffe defendants were made on August 17, 2023, and pursuant to Kovacic's amended complaint, were published by the news media defendants beginning on August 17 and 18, 2023. *See Weidman v. Hildebrant*, 2024-Ohio-2931, ¶ 22 ("When defamatory statements are published in the media or otherwise offered in the marketplace of ideas

Case No. 2025-L-028

or when the defamed person gains knowledge of the defamatory statements within the statute-of-limitations period, the discovery rule [which may serve to toll the statute of limitations] is not applicable."). Kovacic did not name the individual Wickliffe defendants until the filing of his amended complaint filed on October 18, 2024, outside the one-year period from the date that his cause of action accrued.

{¶13} Kovacic maintains that his amended complaint should relate back to the filing of his original complaint, August 16, 2024, pursuant to Civ.R. 15 because he included any possible Jane and John Does in the caption of his original complaint.

{¶14} Civ.R. 15(C) and (D) provide:

> **(C) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
>
> The delivery or mailing of process to this state, a municipal corporation or other governmental agency, or the responsible officer of any of the foregoing, subject to service of process under Rule 4 through Rule 4.6, satisfies the requirements of clauses (1) and (2) of the preceding paragraph if the above entities or officers thereof would have been proper defendants upon the original pleading. Such entities or officers thereof or both may be brought into the action as defendants.
>
> **(D) Amendments Where Name of Party Unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the

Case No. 2025-L-028

pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

{¶15} In his original complaint, although Kovacic included John and Jane Does in the caption, he did not claim that he was unable to discover the names of the individual defendants or that the unnamed defendants had been personally served with a summons directed to "name unknown," as required by Civ.R. 15(D).

{¶16} On appeal, Kovacic argues that "strict technical compliance with Civ.R. 15(D) is not always required when justice so demands."

{¶17} "Civil Rule 15(D) permits a plaintiff to name a fictitious defendant when the plaintiff knows the identity and whereabouts of a defendant, but not the defendant's name." *Emory v. Bailey*, 2024-Ohio-1955, ¶ 14 (5th Dist.), citing *Erwin v. Bryan*, 2010-Ohio-2202. In *Erwin* at ¶ 31, the Ohio Supreme Court held that "[a]lthough the plaintiff may designate a defendant whose name is unknown by 'any name and description,' the complaint must nonetheless sufficiently identify that party to facilitate obtaining personal service on that defendant upon the filing of the complaint." Accordingly, "Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed." *Erwin* at paragraph two of the syllabus.

{¶18} Here, it is undisputed that Kovacic failed to comply with the terms of Civ.R. 15(D). Thus, that division does not apply to allow Kovacic's amended complaint to relate back to the filing date of his original complaint.

{¶19} Kovacic further maintains that Civ.R. 15(C) applies to allow his amended complaint to relate back to the filing of his original complaint because he contends that the parties added in his amended complaint had "actual knowledge and continuous representation from the outset."

{¶20} However, Civ.R. 15(C) "'may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.'" *Emory* at ¶ 19, quoting *Kraly v. Vannewkirk*, 69 Ohio St.3d 627 (1994). "Thus, Civil Rule 15(C) does not allow for the adding of a new party to an original action under the relation back doctrine after the statute of limitations has expired." *Emory* at ¶ 19.

{¶21} Here, Kovacic's amended complaint asserts claims against additional parties—it does not substitute parties previously misidentified in the original complaint. Accordingly, Civ.R. 15(C) is inapplicable.

{¶22} Therefore, Kovacic's first assigned error lacks merit.

{¶23} In the arguments in support of Kovacic's second, third, and fourth assigned errors, it appears he is challenging the trial court's determinations that the challenged statements were "substantially true," that the challenged statements by public employees were not made with actual malice, and that the officers were acting within the scope of their employment so as to provide them with immunity.

{¶24} However, the trial court did not address, much less base the dismissal of Kovacic's complaint on, any of these issues. Instead, as set forth above, the trial court dismissed the claims against the individual Wickliffe defendants on the basis of the statute of limitations; dismissed the claim against the Wickliffe Police Department because it was not a legal entity capable of being sued; dismissed the claim against the city of Wickliffe

on the basis of political subdivision immunity pursuant to R.C. 2744.02; dismissed the claims against certain news media defendants because they did not identify Kovacic by name, address, photograph, or physical description; and dismissed the claims against the remaining news media defendants based on the fair reporting privilege.

{¶25} Accordingly, aside from the statute of limitations issue discussed above, Kovacic has not challenged any of the trial court's remaining bases for dismissal. "'[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties.'" *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, quoting *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). "Under the principle of party presentation, 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *Snyder* at ¶ 4, quoting *Greenlaw* at 243.

{¶26} Therefore, we will not proceed to review bases provided by the trial court for dismissal that Kovacic does not challenge. Further, because Kovacic has not demonstrated error in the trial court's judgment, we will not proceed to review alternative bases for dismissal. Therefore, Kovacic's second, third, and fourth assigned errors lack merit.

{¶27} In his fifth assigned error, Kovacic argues:

> 5. The trial court erred in denying Plaintiff-Appellant the opportunity to conduct discovery prior to ruling on motions to dismiss, resulting in prejudice and denial of due process.

Case No. 2025-L-028

{¶28} As addressed above, the trial court dismissed the complaint in its entirety pursuant to Civ.R. 12(B)(6). Thus, the trial court was confined to the allegations contained in the complaint when granting the motions to dismiss.

{¶29} Accordingly, discovery did not affect the trial court's decision to dismiss the complaint. Because we have not found error in the trial court's dismissal of Kovacic's complaint, his fifth assigned error is moot.

{¶30} Last, although not separately assigned as error, Kovacic further argues in the context of his fifth assigned error that the trial court's dismissal of his claims should have been without prejudice. However, this court has held that "a dismissal under Civ.R. 12(B)(6) operates as an adjudication on the merits and properly results in a dismissal with prejudice." (Citations omitted.) *Grippi v Cantagallo*, 2012-Ohio-5589, ¶ 13 (11th Dist.).

{¶31} Accordingly, to the extent that Kovacic challenges the trial court's decision to dismiss his complaint with prejudice, his fifth assigned error lacks merit.

{¶32} The judgment is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-028

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error lack merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-028